**Borough of Kennett Square v. Lewis**

*John R. Merrick,* for plaintiff.
*William J. Gallagher,* for defendant.

PITT, *J.,* April 12, 1977 — On appeal from summary conviction, we afforded trial de novo and on an undisputed fact situation are called upon to determine the guilt or innocence of defendant under an ordinance of the Borough of Kennett Square which prohibits the burning of trash, leaves and other combustibles outside a building unless it is performed by an adult, in daylight hours, and in a covered metal receptacle, where defendant on a summer's evening conducted and enjoyed a backyard wienie roast with his family and friends.

Briefly stated, the facts are these. On July 15, 1976, defendant, his family and some invited guests were roasting marshmallows and hot dogs in the back yard of their home. The cooking was accomplished over a barbecue pit surrounded by an eight inch high concrete wall. The cooking fire was started with kindling wood and charcoal. On the complaint of a neighbor, the Borough's police chief was called to the scene. He and a patrolman arrived at 9:55 p.m. and observed heavy smoke, flames about one and one half feet high, and sparks about fifteen to twenty feet high. Believing this to be in violation of section 7-24 of the borough code, the police chief prepared a citation and this summary prosecution commenced. Defendant was found guilty before a District Justice of the Peace.

Does the ordinance in question prohibit all outside burning? Would a person violate the municipal regulation if he lit a cigarette or a pipe or a cigar on the streets of Kennett Square? Does the craftsman whose industry requires the use of a torch violate the ordinance? Pity the plight of the hapless Kennett Square resident who, upon returning to his home after a pleasant evening out, has trouble locating the lock on his front door. He lights a match to help locate the appropriate hardware, only to find himself in technical violation of the above ordinance, and subject to arrest for the most innocent of conduct. We have been shown no case authority interpreting the limitations of such a municipal regulation. We are aided in our review by the Statutory Construction Act of November 25, 1970, P.L. 707 (No. 230), added December 6, 1972, P.L. 1339 (No. 290), sec. 3, 1 Pa.C.S.A. §1501 et seq. Its provisions have applicability to the review of borough ordinances such as this: Wilkes-Barre Appeal, 208 Pa. Superior Ct. 424, 222 A.2d 499 (1966). There is a statutory presumption that the legislative body does not intend an absurd result: Act of November 25, 1970, P.L. 707 (No. 230), added December 6, 1972, P.L. 1339 (No. 290), sec. 3, 1 Pa.C.S.A. §1922(1). The Borough regulation is captioned "Burning trash, leaves, etc., outside of building generally." We believe that the wording of the title, and of the ordinance itself indicates that the scope of prohibited conduct is defined by a burning of material for the disposal thereof. We are permitted to utilize the title in construing the regulation by the Act of November 25, 1970, P.L. 707 (No. 230), added December 6, 1972, P.L. 1339 (No. 290), sec. 3, 1 Pa.C.S.A. §1924.

We believe that the conduct of defendant of the time—honored American custom of a wienie roast does not fall within the prohibition of the municipal ordinance. To hold otherwise would reach an absurd result. We find defendant not guilty.